

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00167-CV

———————————————

DRUE ALLEN HOLLIS, Appellant

V.

PROPATH ASSOCIATES, PLLC, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-301866-18

Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Drue Allen Hollis sued numerous defendants in the underlying cause, including appellee ProPath Associates, PLLC. ProPath filed two motions to dismiss Hollis's claims against it: one under the Texas Citizens Participation Act (TCPA) and the other under rule 91a of the Texas Rules of Civil Procedure. On May 2, 2019, the trial court granted both motions and dismissed Hollis's claims against ProPath. Hollis attempts to appeal from this order.

On May 16, 2019, we sent Hollis notice that we were concerned whether we have jurisdiction over this appeal because the trial court's May 2, 2019 order did not appear to be a final judgment or an appealable interlocutory order. We further stated that we would dismiss this appeal for want of jurisdiction unless we received a response by May 28, 2019, that showed grounds for continuing it. We have not received any response.

We have jurisdiction to consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of every pending claim and party. *See Lehman*, 39 S.W.3d at 205. Hollis sued numerous defendants in the underlying cause, but the order he attempts to appeal here dismisses only his claims against ProPath. It therefore does not dispose of every pending claim and party and thus is not a final judgment. *See id.* Additionally, orders granting a TCPA motion to

2

dismiss or granting a rule 91a motion to dismiss are not appealable interlocutory orders. *See Gause v. Triumph Hosp. of N. Houston, L.P.*, No. 14-18-00723-CV, 2018 WL 6217412, at *1 (Tex. App.—Houston [14th Dist.] Nov. 29, 2018, no pet.) (per curiam) (mem. op.) (observing that no statute authorizes an interlocutory appeal from an order granting a rule 91a motion to dismiss); *Flynn v. Gorman*, No. 02-16-00131-CV, 2016 WL 4699198, at *1 (Tex. App.—Fort Worth Sept. 8, 2016, no pet.) (per curiam) (mem. op.) (holding that an order granting a TCPA motion to dismiss is not an appealable interlocutory order).

Because the order from which Hollis attempts to appeal is not a final judgment or an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Delivered: July 11, 2019

3